[No. 19519.    Department Two.    December 16, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. BILL DONNELLY, *Appellant*.[1]

[1] INTOXICATING LIQUOR (28, 50)—ILLEGAL MANUFACTURE—EVIDENCE —SUFFICIENCY. A conviction of unlawful manufacture of whiskey is sustained by proof that accused and another were found in possession of a tent, near accused's residence, in which beer was being manufactured, and that accused stated to the sheriff that the outfit belonged to him and that the other man came to help him bottle the beer.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered January 8, 1925, upon a trial and conviction of the manufacture of intoxicating liquor. Affirmed.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe* and *Charles R. Denney,* for respondent.

MITCHELL, J.—Bill Donnelly, Tom Rasussen and E. L. Moore were charged by information with the crime of unlawfully manufacturing beer containing

[1]Reported in 241 Pac. 661.

intoxicating properties and capable of being used as a beverage. Tom Rasussen and E. L. Moore were acquitted at the trial. Bill Donnelly was found guilty and has appealed from a judgment on the verdict.

The several assignments of error center upon the one question of the sufficiency of the evidence to justify the submission of the case to the jury, the contention of the appellant being that the state proved possession but not the manufacture of intoxicating liquor.

[1] On behalf of the prosecution, it was shown that the place of the alleged crime was a tent in the woods a few hundred feet from appellant's residence. That, as the sheriff approached the tent, he saw Tom Rasussen carrying two pails of water towards the tent; that persons were working in the tent, and as the sheriff got near the tent, appellant and Moore ran away from it and were called back by the sheriff. In front of the tent, a quantity of beer had been thrown out on the ground. Upon going into the tent, the sheriff found four open kegs of beer, a beer capper, a supply of caps for beer bottles, five or six empty barrels, a stove, a boiler, and different other things in the tent, including a hose suitable to siphon liquid out of a keg or barrel into bottles, and also five or six dozen empty beer bottles. Upon inquiry by the sheriff, the appellant stated that the outfit belonged to him, and on being asked by the sheriff what Mr. Moore was doing there, the appellant answered that Mr. Moore had come over to help him bottle the beer. This evidence made a case for the jury under the charge in the information.

Affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.